UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>    Petitioner,<br><br>    v.<br><br>S. LAKE,<br><br>    Respondent. | 1:19-cv-1034-SKO (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 2) |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner contends counsel should be appointed because he is indigent, untrained in the law, and has only a tenth-grade education. Petitioner also contends that nearly all pro se filings are dismissed; therefore, dismissals of pro se filings are "simply more government shenanigans." (Doc. 2 at 2.) The Court does not find that the interests of justice require the appointment of counsel at the present time. Petitioner's circumstances are not extraordinary given that they are shared by the vast majority of inmates. Further, his claim that federal

court review of pro se filings is "simply government shenanigans" is baseless. The federal habeas standard is difficult to meet, "because it was meant to be." Harrington v. Richter, 562 U.S. 86, 102 (2011). "[H]abeas corpus is a 'guard against extreme malfunctions,' not a substitute for ordinary error correction." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979)).

    Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **August 13, 2019**             /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE