# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE, | Case No.: 1:19-cv-01034-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| S. LAKE, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |
| | [THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on July 30, 2019, challenging his conviction pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow him to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED for lack of jurisdiction.

**BACKGROUND**

On December 13, 2002, Petitioner was convicted by jury trial in the United States District Court for the Eastern District of Wisconsin for bank robbery, brandishing a firearm during a crime of violence, possession of a firearm by a felon, and two counts of making false statements to obtain a

firearm. United States v. Luedtke, Case No. 1:03-cr-00037-WCG (E.D. Wis. 2003).[1] Petitioner was sentenced to thirty-seven years in prison. Id. He appealed, claiming the trial court had erred in denying his motion to suppress evidence obtained as a result of a search. United States v. Luedtke, Case No. 04-1216 (7th Cir. 2005). The Seventh Circuit Court of Appeals affirmed the conviction in an unpublished decision. Id.

On May 2, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Luedtke v. United States, Case No. 1:05-cv-00489-WCG (E.D. Wis. 2005). Petitioner raised claims concerning the search of his apartment. Id. He also claimed:

> he was denied a fair trial because he was unable to call necessary witnesses, the jury was informed he was on parole at the time of the search, the government was allowed to call a witness not previously disclosed, witnesses were allowed to maintain confidentiality concerning their current addresses, irrelevant evidence was admitted, the trial judge was biased, and police tampered with and/or planted evidence. He claims he was denied his right to the effective assistance of counsel both at trial and on appeal, the jury included no minorities and was prejudiced against him (even though Luedtke is white), he was denied his right to a speedy trial, the discovery provided was censored and inadequate, he was sentenced under a faulty sentencing scheme, and the United States Court of Appeals for the Seventh Circuit was biased and denied him due process in affirming his conviction.

Id. (Doc. 5 at 1-2.) On May 23, 2005, in a reasoned decision, the court denied the § 2255 motion for failure to state a claim. Id. (Doc. 5.) The court stated:

> The plain fact is that Luedtke has already fully litigated his Fourth Amendment claim on appeal. He cannot simply continue to raise it after it has been clearly rejected. United States v. Taglia, 922 F.2d 4l3, 418 (7th Cir. 1991). The Seventh Circuit thoroughly discussed and rejected Luedtke's claim that the evidence seized from the apartment should have been suppressed. Having found that the initial consent by Hillestad was valid, the Seventh Circuit had no need to address the question of whether Luedtke was still on parole at the time of the search. It is simply not relevant, given the finding of consent for the entry.
> …
> The issue has been decided and fully reviewed. Luedtke is not entitled to further review now.

Id. (Doc. 5 at 4-5.) The sentencing court noted that with respect to his ineffective assistance of counsel claim, Petitioner had elected to represent himself and was specifically warned that by

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

waiving his right to counsel, he would be waiving his right to effective assistance of counsel. Id. (Doc. 5 at 6.) The sentencing court summarily dismissed the remaining claims as conclusory. Id. (Doc. 5 at 7.) Petitioner appealed, and the Seventh Circuit denied the appeal, finding no substantial showing of a constitutional right. See Luedtke v. United States, Case No. 05-2905 (7th Cir. 2006).

On May 7, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky. See Luedtke v. Berkebile, Case No. 7:11-cv-00080-HRW (E.D. Ky. 2011). On January 3, 2012, the Kentucky District Court dismissed the petition for lack of jurisdiction. Id. (Doc. 14.) Specifically, the court found that Petitioner failed to satisfy the savings clause in § 2255. Petitioner's claims concerned alleged errors that occurred at or prior to sentencing, and Petitioner either knew or should have known of them at the time he filed his § 2255 motion in the sentencing court. Id. (Doc. 14 at 9-10.) Petitioner also failed to show that he was actually innocent of the underlying conviction. Rather, his claims concerned legal insufficiency. Id. (Doc. 14 at 10-11.) Petitioner appealed, and the Sixth Circuit Court of Appeals affirmed judgment on September 27, 2012. Id. (Doc. 18.)

Having been unsuccessful in the Wisconsin and Kentucky District Courts, as well as the Sixth and Seventh Circuits, Petitioner now brings this habeas petition in this Court, again challenging his conviction. He raises 28 claims, most if not all of which were previously raised in the afore-mentioned actions.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner is challenging the validity and constitutionality of his conviction as imposed by the United States District Court for the Eastern District of Wisconsin, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Eastern District of Wisconsin, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because, and as already determined by the United

States District Court for the Eastern District of Kentucky as well as the Sixth Circuit Court of Appeals, Petitioner has had multiple unobstructed procedural opportunities to present his claims, and he does not present a claim of actual innocence.

First, all of Petitioner's claims involve facts which he either knew or should have known at the time of direct appeal. Petitioner has not shown that he was precluded from presenting these claims on direct appeal or in his prior § 2255 motion, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

Second, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because he does not claim "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. In this case, Petitioner makes no claim of being factually innocent of bank robbery and his other offenses. Like his prior petitions and motions, Petitioner continues to assert claims of legal insufficiency and procedural errors. Under the savings clause, however, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 2, 2019**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE