UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. LAKE,<br><br>　　　　Defendant. | No. 1:19-cv-01034-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 5) |

Petitioner James Luedtke is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 3, 2019, the magistrate judge assigned to the case issued findings and recommendations, recommending denial of the petition for lack of habeas jurisdiction. (Doc. No. 5.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service of that order. On September 23, 2019, petitioner filed objections to the magistrate judge's findings and recommendations. (Doc. No. 6.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

1

1 In his objections, petitioner essentially argues that he is entitled to pursue relief under §

2 2241 because he was unable to obtain relief under § 2255, which he argues is unconstitutional.

3 (*See* Doc. No. 6.) However, as the magistrate judge pointed out, petitioner's claims involve facts

4 that he either knew or should have known at the time he pursued direct appellate review of his

5 conviction or relief under § 2255. (Doc. No. 5.) Petitioner has not shown that he was precluded

6 from presenting those claims—as he admits himself, his claims have already been reviewed by

7 the District Courts for the Eastern District of Wisconsin and the Eastern District of Kentucky, as

8 well as the Courts of Appeals for the Sixth and Seventh Circuits, all of which rejected them. (*See*

9 Doc. Nos. 5–6.)

10 In addition, petitioner has failed to make a showing of actual innocence; his petition, like

11 his previous ones, only argues that his conviction is defective because of legal insufficiency and

12 procedural error. *See Luedtke v. Ives*, No. 7:11-CV-00080-HRW, 2012 WL 11027, at *2 (E.D.

13 Ky. Jan. 3, 2012), *aff'd* (Mar. 27, 2014) (noting the "overwhelming evidence" against the

14 petitioner). As a result, petitioner has provided this court no basis to grant his petition for habeas

15 relief under § 2241.

16 Having found that petitioner is not entitled to habeas relief, the court now turns to whether

17 a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no

18 absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed

19 under certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003); 28 U.S.C. §

20 2253. A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition also

21 requires a certificate of appealability. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008);

22 *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). If, as here, a court denies a petition for a

23 writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant

24 has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

25 To make a substantial showing, the petitioner must establish that "reasonable jurists could debate

26 whether (or, for that matter, agree that) the petition should have been resolved in a different

27 manner or that the issues presented were 'adequate to deserve encouragement to proceed

28 /////

further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, or that petitioner is not deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations filed on September 3, 2019, (Doc. No. 5), are adopted in full;
2. The petition for writ of habeas corpus, (Doc. No. 1), is dismissed with prejudice for lack of jurisdiction;
3. The Clerk of Court is directed to enter judgment and close the file; and,
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 19, 2019**

UNITED STATES DISTRICT JUDGE